IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| SunTrust Mortgage Inc., | ) | C/A No. 3:14-2006-JFA-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| James Bradley Bailey; Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan, Trust 2005-4 Asset Backed Certificates, Series 2005-4; Bobbie L. Price, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

James Bradley Bailey ("Bailey") filed a notice of removal which purports to remove Civil Action No. 10-CP-32-987 from the Lexington County Court of Common Pleas. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the pleadings in accordance with applicable law, the court concludes that this case should be remanded to the state court for lack of subject matter jurisdiction.

**I.      Procedural Background**

Bailey purports to remove a state a foreclosure action associated with property located at 310 Shadowfield Drive in West Columbia, South Carolina. (ECF No. 1 at 2; ECF No. 1-3.) The court observes that Bailey has a pending case in this court alleging federal claims related to this foreclosure action.[1]  See James Bradley Bailey v. Bank of America Corp., C/A No. 3:14-1849-JFA-PJG (D.S.C. May 8, 2014). On July 21, 2014, Bailey filed an amended notice of removal as a

---

[1] A district court may take judicial notice of materials in the court's own files. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



supplement in the pending case, but he did not file such an amended notice in the instant removal action.  Id. at ECF No. 24.  However, a review of the amended notice of removal reflects that it contains no information which would alter the analysis below.

## II.     Discussion

As an initial matter, Bailey purports to remove the instant foreclosure action from state court based on federal question jurisdiction.  (ECF No. 3 at 1.)  When a case is removed on the basis of federal question jurisdiction, all properly joined and served defendants "must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Bailey lists himself as one of three defendants in the underlying state foreclosure action; however, he provides no indication that the other defendants have consented to the removal of this case from state court.  (ECF No. 1; ECF No. 1-3.)  Thus, Bailey has failed to comply with this provision of the removal statute.  See Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006) (holding that the failure of all defendants to join in the removal petition constituted an error in the removal process); Wells Fargo Bank, N.A. v. Hunt, C/A No. 6:13-1333-MGL-KFM, 2013 WL 6383255, at *3 (D.S.C. Nov. 22, 2013) (order adopting and incorporating report and recommendation for remand of foreclosure action due to lack of jurisdiction and because not all defendants joined in the notice of removal). However, as discussed below, the instant case would be subject to remand even if this statutory requirement were met.

Federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction.  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Generally, a case can be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332, or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal



statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court, if the state court action could have been originally filed there. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

The Supreme Court has commanded that, when considering removal, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (internal quotations and citations omitted). In addition, "[r]emoval statutes must be strictly construed against removal," Scott v. Greiner, 858 F. Supp. 607, 610 (S.D.W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); Mulcahey, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

It is well-settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. Caterpillar Inc. v. Williams, 482 U.S. 386 (1987). In the present case, Bailey seeks to remove a state law foreclosure action. However, no federal jurisdiction exists over a complaint which "merely states a cause of action for enforcement of a promissory note and foreclosure of the associated security interest in real property." Burbage v.



Richburg, 417 F. Supp. 2d 746, 749 (D.S.C. 2006); see also Pettis v. Law Office of Hutchens, Senter, Kellam and Pettit, C/A No. 3:13-147-FDW, 2014 WL 526105, at *2 (W.D.N.C. Feb. 7, 2014) (collecting cases); Deutsche Bank Nat'l Trust Co. v. Lovett, C/A No. 3:12-1819-JFA, 2013 WL 528759, at *2 (D.S.C. Feb. 11, 2013) (adopting report and recommendation remanding foreclosure case to state court). To the extent Bailey attempts to raise defenses to the foreclosure action based on a federal statue or constitutional amendment, such defenses do not establish jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction."). Because removal of this case under federal question jurisdiction is improper, the matter should be remanded to state court.

**III.    Conclusion**

Accordingly, the court recommends that the district judge remand this matter to state court.

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 7, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).